Peter R. Afrasiabi, Esq. (Bar No. 193336)
email: pafrasiabi@turnergreen.com
Chris Arledge, Esq. (Bar No. 200767)
email: carledge@turnergreen.com
TURNER GREEN AFRASIABI & ARLEDGE LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone: (714) 434-8750
Facsimile: (714) 434-8756

Attorneys for Plaintiff
DWIGHT C. ESNARD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DWIGHT C. ESNARD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION LLC; DOES 1-5,<br><br>Defendants. | Case No.   SACV08-00097 DOC (ANx)<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

DWIGHT C. ESNARD ("Esnard"), by and through his attorneys of record, complains against TRANS UNION LLC ("TU") and DOES 1 through 5 ("DOES") (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action under the Fair Credit Reporting Act (FCRA). This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District and the Defendants may be

1 | found and transact business in this Judicial District.  Defendants are subject to the personal
2 | jurisdiction of this Court and are amenable to service of process pursuant to the California
3 | Long-Arm Statute, Cal. Civ. Proc. Code, Section 413.10, and Fed. R. Civ. P. 4(e).

## PARTIES

3. Plaintiff Dwight C. Esnard is an individual residing in Orange County, California.

4. Plaintiff is informed and believes and, upon such, alleges that Defendant TU is a Delaware LLC with its principal place of business in Chicago, Illinois.  TU is in the business of making money by maintaining credit files on consumers, such as Plaintiff, and reporting credit scores (FICO scores) for consumers.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

6. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FIRST CAUSE OF ACTION

**(Inaccurate Reporting and failure to properly reinvestigate under § 1681e(b) and 1681i, respectively, of the FCRA)**

7. Esnard and his company Mesa Home Improvements, Inc. (MHI) were sued in a piece of litigation (hereafter "the case").  They settled with a stipulation outlining payment terms and if those terms were not met, then the adverse party could move to have a judgment entered.  A true and correct copy of this Stipulation is attached as Exhibit A.

8. The terms have been met and the adverse party *never* secured, let alone moved for, entry of a Judgment due to a default on the stipulation's terms.

12657

2

**COMPLAINT**

9. A true and correct copy of the publicly available docket for the case is attached as Exhibit B.

10. Defendant has reported on Plaintiff's credit the existence of a Judgment against Plaintiff stemming from the case.

11. No judgment has ever been entered against Plaintiff in the case.

12. Plaintiff has informed Defendant of this state of affairs providing Defendant with a copy of the Stipulation and the docket and outlining the absence of any Judgment in the case. True and correct copies of two letters sent by Plaintiff to Defendant are attached as Exhibits C and D.

13. Defendant has refused to change the credit notation of a Judgment in the case despite the fact that as matter of fact and law no Judgment has been entered in the case against Plaintiff as explained in the letters and also in subsequent calls Plaintiff has made to Defendant.

14. Defendant failed to maintain appropriate and reasonable procedures to ensure the accuracy of a credit report on Plaintiff, which resulted in a report that a Judgment has been entered in the case when in fact no Judgment has been entered in the case.

15. Likewise, upon notification of its negligent acts, Defendant perpetuated the erroneous report with a woefully inadequate reinvestigation, which shockingly overlooked these basic facts, necessitating this action to cure this absurd mistake and restore Plaintiff's valuable creditworthiness ranking. Defendant had an obligation to exercise reasonable diligence in examining the court file and failed to examine the court file at all despite request to do so and despite providing the Stipulation and the docket which demonstrates no Judgment had been entered. Indeed, Plaintiff even notified the adverse party of this state of affairs in the original letter to Defendant so that Defendant could confirm even with the adverse party that it had not secured a Judgment in the case. Defendant never did so. An alleged reexamination that overlooks these documents and the absence of the existence of a Judgment document – the very document that should be in the file to justify Defendant telling the world a Judgment was entered against Plaintiff, with all the collateral

significance that has to potential lenders and creditors of Plaintiff – falls below the required standard of care. Finally, Defendant has breached its obligation in its statutorily mandated duty to reinvestigate by not training adequately its own employees to understand the difference between a Stipulation on payment terms with the possibility of a judgment being entered if a default occurs, on the one hand, and a Judgment in fact and law, on the other hand.

16. Esnard has suffered damages due to these acts including a substantially weakened credit report number (FICO score), which has in turn damaged his ability to secure advantageous interest rate terms on loans.

17. Moreover, Esnard is on the verge of refinancing his home in the current well documented difficult market for residential mortgage loans and the damaged FICO score will substantially alter the economic terms of any loans to the tune of many tens of thousands of dollars of the life of a large loan, which he needs to take out to refinance his property in Newport Beach, California.

18. Given how valuable one's credit report is in this society, an erroneous report such as exists here substantially damages a person, as it has Esnard both as outlined above and also in terms of emotional distress, which the Ninth Circuit has held constitutes actual damages under the FCRA also. *See, e.g., Dennis v. BEH-1 LLC*, __ F.3d __, 2007 WL 2769650 (9th Cir. Sep. 25, 2007).

19. As a result of the acts of Defendants alleged herein, Esnard has suffered and is suffering substantial damage and is entitled to those damages as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The credit report on Plaintiff be modified to delete any notation of Judgment.

2. Defendant be ordered to so notify the other major credit reporting agencies of this mistake.

3. Damages according to proof.

4. Attorneys fees and costs.

5. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2008

TURNER GREEN AFRASIABI & ARLEDGE LLP

By: _____
Peter Afrasiabi, Esq.
Attorneys for Plaintiff,
DWIGHT C. ESNARD

12657

5

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiffs Dwight C. Esnard hereby demands trial by jury of all issues so triable under the law.

Dated: January 29, 2008

TURNER GREEN AFRASIABI & ARLEDGE LLP

By: *[signature]*
Peter Afrasiabi, Esq.
Attorneys for Plaintiff,
DWIGHT C. ESNARD